UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAFALDA CASAS-CORDERO,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK SALZ,<br><br>    Defendant.<br>_____<br><br>AND RELATED COUNTERCLAIM.<br>_____ | Civil No. 11-cv-1713-L(RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. 10]** |

On August 3, 2011, Plaintiff Mafalda Casas-Cordero commenced this tort action against her former attorney, Defendant Frank Salz. Plaintiff alleges a cause of action for negligence / legal malpractice against Defendant. Defendant now moves for summary judgment, or in the alternative, partial summary judgment on the ground that Plaintiff's claim is barred by a one-year statute of limitations. Plaintiff opposes.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 23.) For the following reasons, the Court **GRANTS** Defendant's motion for summary judgment. (Doc. 10.)

11cv1713

## I. BACKGROUND

In December 2004, Plaintiff sought the legal services of Defendant, when she sought to move with her minor daughter to Chile. (Salz Decl. ¶ 3.) Defendant advised Plaintiff against the move unless and until the custody order that was in place had been modified. (*Id.*) Against that advice, Plaintiff moved to Chile shortly thereafter. (*Id.*) Given the course of events, Defendant refunded the remainder of her retainer, and claims to have ended the representation. (*Id.*)

Plaintiff's decision to move with her daughter to Chile gave rise to two subsequent lawsuits, a child-custody case ("Family Case") and a tort case ("Civil Case"). (Salz Decl. ¶¶ 4–5.) In the Family Case, Plaintiff's ex-husband, who is also the daughter's father, obtained custody of the daughter who was taken to Chile. (*Id.* ¶ 4.) That action began in early 2005 and ended, according to Defendant, in October 2008 at the latest. (*Id.*) In the Civil Case, the ex-husband obtained a money judgement for the removal of the daughter from the United States. (*Id.* ¶ 5.) According to Defendant, that action began in October 2006 and ended in January 2008. (*Id.*)

On August 12, 2008, Plaintiff sent an email to Defendant and her appellate attorney to express dissatisfaction with their performances. (Salz Decl. Ex. H.) In that email, she alleged deception and general lack of diligence. (*See id.*) Plaintiff also wrote:

> I write now to let both of you know that I have had enough patience in waiting for your answer and information on how things stand. I would also like to confirm to both of you[] that Mr. Salz has ceased to be my attorney as of January 2008, and therefore he is not authorized to represent me nor to act on my behalf.

(*Id.*) And she informed Defendant that she was able to arrange a custody agreement with her ex-husband while representing herself. (*Id.*)

On March 17, 2010, Plaintiff emailed Defendant, requesting her case file. (Salz Decl. Ex. I.) Defendant offered to make arrangements for her to copy the file, but Plaintiff did not respond to the offer. (Salz Decl. ¶ 11.)

In May 2010, Plaintiff telephoned Defendant to once again express disappointment with his performance. (Salz Decl. ¶ 12.) Following a conversation that Defendant had with a mutual

contact named Rudy Gammarino, Plaintiff sent Defendant an email on May 6, 2010. (Salz Decl. Ex. J.) In the email, Plaintiff expressed dissatisfaction with Defendant contacting Mr. Gammarino. (*Id.*) She also alleged that Defendant abused her vulnerability and neglected her. (*Id.*) Plaintiff added, "if [Defendant] have any interest to talk about and settle this matter [Defendant] have to talk with [her] not with Rudy." (*Id.*) The matter that she referred to is Defendant's "malpractice concern" that he discussed with Mr. Gammarino. (*Id.*)

Despite all that had occurred, Plaintiff, then living in Arkansas, once again contacted Defendant to represent her in her custody battle. (Salz Decl. ¶ 13.) She and her ex-husband were living in Arkansas, and he had recently moved to California with their daughter. (*Id.*) As a result, Plaintiff sought assistance in obtaining a new or different custody arrangement. (*Id.*) In December 2010, Defendant informed Plaintiff that he would not represent her. (*Id.*) At around the same time, Defendant filed a notice of withdrawal from the Family Case because he "was worried that [he] could be served with papers intended for [Plaintiff] because [he] had never filed a formal withdrawal." (*Id.*) According to Defendant, he had no intention of performing work or accepting service on her behalf because he was no longer her attorney. (*Id.*)

On August 3, 2011, Plaintiff commenced this action, asserting a single cause of action for "negligence / legal malpractice."[1] Defendant now moves for summary judgment. Plaintiff opposes.

## II.   LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v.*

---

[1] Malpractice is defined as "[a]n instance of negligence or incompetence on the part of a professional," and is also known as "professional negligence." Black's Law Dictionary (9th ed. 2009). As such, the Court interprets Plaintiff's cause of action entitled "negligence / legal malpractice" as a single cause of action for legal malpractice. Both parties also appear to be working under that assumption.

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 242, 252). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

**III.   DISCUSSION**

California Code of Civil Procedure § 340.6 provides, subject to very limited exceptions, that

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.

The one-year limitations period does not begin to run until the plaintiff has sustained actual injury. Cal. Code Civ. Proc. § 340.6(a)(1). The wrongful conduct here in question occurred in January 2008 at the latest, when Defendant allegedly failed to submit evidence that caused a $242,958.50 judgment to be entered against Plaintiff.[2] (Compl. ¶ 9.) Given that Plaintiff commenced this action in August 2011, she is barred by the one-year statute of limitations. *See* Cal. Code Civ. Proc. § 340.6(a). Consequently, Plaintiff argues that the continuous-representation exception tolls the limitations period. The Court next considers that issue.

The limitations period is tolled when the "attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." Cal. Code Civ. Proc. § 340.6(a)(2). Continuous representation requires "an ongoing relationship and activities in furtherance of the relationship." *Jocer Enters., Inc. v. Price*, 183 Cal. App. 4th

---

[2] Plaintiff also seeks damages for Defendant's failure to recover assets that had been frozen by court order after Plaintiff took her daughter to Chile. (Compl. ¶ 7–8.) However, Plaintiff fails to allege a wrongful act or omission by Defendant related to those damages. Regardless, any alleged harm sustained from Defendant's failure to recover frozen assets occurred before the January 2008 judgment was entered against Plaintiff. (*See id.* ¶ 7.) Therefore, the Court focuses here on the later conduct in analyzing whether Plaintiff's cause of action is barred by the statute of limitations.

5

11cv1713

559, 571 (2010) (internal quotation marks omitted). "[S]o long as there are unsettled matters tangential to a case, and the attorney assists the client with these matters, he is acting as his representative." *Id.* (internal quotation marks omitted). "This 'continuous representation' rule was adopted in order to 'avoid the disruption of an attorney-client relationship by a lawsuit while enabling the attorney to correct or minimize an apparent error, and to prevent an attorney from defeating a malpractice cause of action by continuing to represent the client until the statutory period has expired.'" *Laird v. Blacker*, 2 Cal. 4th 606, 618 (1992).

An objective standard is used to determine whether an attorney's representation has ended. *Nielsen v. Beck*, 157 Cal. App. 4th 1041, 1049 (2007). "An attorney's representation of a client ordinarily ends when the client discharges the attorney or consents to a withdrawal, the court consents to the attorney's withdrawal, or upon completion of the tasks for which the client retained the attorney." *Laclette v. Galindo*, 184 Cal. App. 4th 919, 927 (2010) (internal quotation marks omitted). "The rule is that, for the purposes of statute of limitations, the attorney's representation is concluded when the parties so agree, and that result does not depend upon formal termination, such as withdrawing as counsel of record." *Worthington v. Rusconi*, 29 Cal. App. 4th 1488, 1497 (1994) (internal quotation marks omitted). Additionally, when there is a continuing relationship between the attorney and client involving unrelated matters, the representation has ended and the statute of limitations is not tolled. *Crouse v. Brobeck, Phleger & Harrison*, 67 Cal. App. 4th 1509, 1528 (1998).

Here, there is ample undisputed evidence that Defendant did not perform any activities in furtherance of the attorney-client relationship after December 2008.[3] (*See* Pl.'s Ex. Q [Docs.

---

[3] Defendant requests judicial notice of various exhibits submitted. (Doc. 10-3.) The Court **GRANTS** Defendant's request. Plaintiff also includes various exhibits—many of which are court documents—but has not requested judicial notice. Defendant objects to those exhibits based on Plaintiff's failure to request judicial notice and hearsay. He also objects to the admission of Anthony Mira's deposition on the grounds that it is unauthenticated and hearsay. Mr. Mira is Plaintiff's ex-husband and the father of the daughter. The Court **OVERRULES** Defendant's objections as to the court documents despite Plaintiff's failure to request judicial notice, and **SUSTAINS** Defendant's objection as to the unsigned and thus unauthenticated deposition testimony. *See* Fed. R. Evid. 901; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Accordingly, the Court judicially notices all court documents that Plaintiff submits, and finds Mr. Mira's deposition testimony inadmissible.

20–21].)  Looking first to Plaintiff's exhibits, there is not a single substantive court document that was filed or produced by Defendant on Plaintiff's behalf after December 2008.  Plaintiff's Exhibits A, B, C, D, E, F, G, H, I, J, and F are all documents that Defendant filed as Plaintiff's attorney in the Los Angeles Superior Court in January 2008.[4]  These documents include, among others, a motion to reconsider (Pl.'s Exs. H, J), and a motion for a new trial (Pl.'s Exs. I, F).  None of these exhibits demonstrates furtherance of an attorney-client relationship after December 2008.  Only Defendant's Notice of Withdrawal involves an event after that date.  (Pl.'s Ex. N.)  That Notice was filed in October 2010.  However, an attorney's representation does not depend on formal termination, and thus the notice of withdrawal alone fails to demonstrate continuous representation.  *See Worthington*, 29 Cal. App. 4th at 1497.

Rather, an attorney's representation ends when the parties so agree.  *Worthington*, 29 Cal. App. 4th at 1497.  Plaintiff's August 12, 2008 email sent to Defendant unequivocally discharged him as her attorney.  In that email, she explicitly laid out that Defendant "ceased to be [her] attorney as of January 2008" and Defendant was "not authorized to represent [her] nor to act on [her] behalf."  (Salz Decl. Ex. H.)  Though Plaintiff suggests that this email only discharged Defendant from the Civil Case and not the Family Case, the evidence before the Court suggests otherwise.  Plaintiff contends that a document filed by Defendant in December 2008 shows that he continued to represent her after January 2008.  However, that document was a request to transfer funds in order to satisfy a lien against her trust funds for services rendered to Plaintiff.  (Pl.'s Ex. P.)  In essence, that appears to be a request for attorney's fees, and neither party provides any legal authority that such a request constitutes legal representation.  If anything, payment for services rendered strongly suggests that the attorney has completed his tasks and the representation has ended.  *See Laclette*, 184 Cal. App. 4th at 927; *Worthington*, 29 Cal. App. 4th at 1497.  Regardless, Plaintiff's contention is irrelevant because even if Defendant

---

[4] Plaintiff's remaining exhibits are dated as follows: Exhibit K is dated December 2007, Exhibit L is dated November 2007, Exhibit O is dated June 2008, and Exhibits P and Q are dated December 2008.  Plaintiff's Exhibits P and Q are orders issued by the Los Angeles Superior Court.

continued representation until December 2008, the statute of limitations would not be tolled long enough to allow Plaintiff to proceed with her cause of action.

Defendant has not done any work at all on either case after December 2008, except filing the Notice of Withdrawal in October 2010. In other words, Defendant has not performed any activities in furtherance of their attorney-client relationship after December 2008. *See Worthington*, 29 Cal. App. 4th at 1497. Plaintiff fails to identify admissible evidence to dispute this. Moreover, that conduct is entirely consistent with undisputed evidence showing that Defendant's representation ended, at the latest, by December 2008. (*See* Salz Decl. ¶¶ 8–13.) Therefore, the Court finds that Defendant's representation ended by December 2008, and Plaintiff is not entitled tolling after that date under the continuous-representation rule. *See Jocer Enters.*, 183 Cal. App. 4th at 571; *Worthington*, 29 Cal. App. 4th at 1497. Given that Plaintiff is not entitled to tolling, Plaintiff's negligence / legal malpractice cause of action is barred by the statute of limitations. *See* Cal. Code Civ. Proc. § 340.6(a)(1).

### IV.  CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendant's motion for summary judgment. (Doc. 10.)

**IT IS SO ORDERED.**

DATED: June 14, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL